CURT TEICH & CO. v. L. C. LeCOMPTE—ASHEVILLE POST CARD CO.

(Filed 30 September, 1942.)

**Evidence § 10: Contracts § 23—**

In an action to recover for merchandise sold and delivered, plaintiff's claim was admitted, and judgment accordingly. On defendant's counterclaim for breach of exclusive agency contract, an issue was submitted to the jury on evidence that exclusive agency agreement was for one year only and so acknowledged by plaintiff, and damages claimed after one year awarded. *Held:* Record shows no breach of agency contract and judgment on counterclaim reversed.

APPEAL by plaintiff from *Blackstock, Special Judge,* at March-April Term, 1942, of BUNCOMBE.

Civil action to recover for merchandise sold and delivered.

Curt Teich & Company, Inc., of Chicago, Ill., a manufacturer and publisher of post cards, etc., brings this action to recover of defendant the sum of $2,836.09, balance due for post cards and souvenir folders— Cotton Picking, Southern and Dixieland scenes—shipped to L. C. LeCompte, a jobber in the city of Asheville, N. C., trading under the name of Asheville Post Card Company.

The defendant denied liability and set up a counterclaim for alleged breach of exclusive agency, or contract for exclusive southern territory, in the sale of plaintiff's publications.

There was a reference under the Code, and the case tried before a jury on exceptions to the referee's report.

On the hearing, the amount of plaintiff's claim was admitted, and the issue of indebtedness for merchandise sold and delivered was accordingly answered by consent.

Over objection, the issue of damages raised by the pleadings on defendant's counterclaim was submitted to the jury and answered in the exact amount of plaintiff's claim, *i.e.,* $2,836.09. Exception.

From judgments "off-setting and liquidating each other," and taxing the costs "equally against the plaintiff and defendant," the plaintiff appeals, assigning errors.

HAWKINS *v.* MOSS.

*Zeb F. Curtis and Lipscomb & Lipscomb for plaintiff, appellant.*
*Harkins, Van Winkle & Walton for defendant, appellee.*

STACY, C. J.   The case turns on the sufficiency of the record to support an award of damages on defendant's counterclaim.

It is in evidence that on 12 February, 1937, the plaintiff, by letter, agreed to refer to the defendant for handling all orders or inquiries for Cotton Picking, Southern and Dixieland scenes received by it from the states of North Carolina, South Carolina, Georgia, and the eastern part of Tennessee. "This agreement to be in effect to and including December 31st, 1937." On 5 January, 1939, the defendant addressed a letter to Mr. Curt Teich, Sr., of the plaintiff firm in which he said: "Your firm sent us a contract, and it is true, it was made out for only one year, 1937. However, we expected it to continue right along, or at least until our stock was reduced considerably. At present we have an inventory of your Dixieland cards and folders amounting to around $4500, so we need this protection now as much, or even more than we did in 1937." In reply, the plaintiff called attention to the fact that "our letter of February 12, 1937, stated plainly that the agreement we made was to be in effect to and including December 31st, 1937"; and that few orders had been received during 1938—in fact, not enough to take the trouble to find out by going over the ledgers.

It is the contention of the defendant that the "course of dealing" thereafter constituted a revival of the contract, and that the matter was properly submitted to the jury. The plaintiff contends otherwise and demurs.

We are constrained to hold that the record fails to show a breach of exclusive agency, or contract for exclusive southern territory, in the sale of plaintiff's publications. Hence, the verdict and judgment in respect of the defendant's counterclaim will be stricken out, and judgment entered for plaintiff on the issue answered by consent. It is so ordered.

Reversed and remanded.